IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11348
Summary Calendar

_____


KURT WAYNE LOPER,

                                        Petitioner-Appellant,

versus

GARY JOHNSON, Director,
Texas Department of Criminal Justice,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 98-CV-2191
- - - - - - - - - -

April 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

     Kurt Wayne Loper, Texas prisoner # 577692, seeks a
certificate of appealability ("COA") to appeal the district
court's dismissal of his 28 U.S.C. § 2254 petition for failure to
pay the required $5 filing fee, pursuant to Fed. R. Civ. P.
41(b).  Loper argues that the district court's dismissal was
error because the Prison Litigation Reform Act ("PLRA") does not
apply to habeas cases.  His argument misapprehends the facts of
his case:  the district court did not order a partial filing fee

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under the PLRA but determined that Loper had sufficient funds to pay the filing fee for a habeas petition rather than proceed in forma pauperis.

Loper does not argue that he did not have sufficient funds to pay the required filing fee.  Instead, he argues that the district court dismissed his case prematurely.  Loper contended in his motion for an extension of time and his post-judgment motion in the district court and contends in his motion for a COA in this court that he timely requested that the filing fee be withdrawn from his inmate account but that, for reasons unknown to him, the prison delayed payment.

Although it is unclear whether the district court's dismissal was made with or without prejudice, it became effectively with prejudice due to the operation of the AEDPA's one-year statute of limitations provision contained in 28 U.S.C. § 2244(d)(1).  There is no clear record of delay or contumacious conduct.  To the contrary, the record makes clear that payment of the filing fee was in fact docketed on the same day that the district court's dismissal order was entered.  The district court abused its discretion in dismissing Loper's § 2254 application pursuant to Rule 41(b).  See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

We therefore GRANT a COA on the issue of the district court's dismissal for failure to pay the required filing fee, and we VACATE the judgment of the district court and REMAND this case to the district court for consideration of the merits of Loper's

habeas claims.  See 28 U.S.C. § 2253(c)(2);  Whitehead v. Johnson, 157 F.3d 384, 386, 388 (5th Cir. 1998).

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED.